# NO. 12-24-00250-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICKY GENE NIX,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Ricky Gene Nix filed a notice of appeal from a conviction for aggravated assault with a deadly weapon in which sentence was imposed on May 16, 2024.[1]  In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal.  TEX R. APP. P. 25.2(b).  The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.  TEX R. APP. P. 26.2(a).  The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b).  TEX R. APP. P. 26.3.  Appellant filed his pro se notice of appeal on August 8, 2024, after expiration of the time for filing a timely notice of appeal or a timely motion for

---

[1] We also note that Appellant and his counsel signed a written certification of Appellant's right to appeal, which states that this is a plea bargain case and Appellant has no right to appeal.  When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal.  TEX. R. APP. P. 25.2(d).  This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."  *Id*.

extension.[2]  Appellant was appointed counsel and counsel filed another notice of appeal on August 14.

On August 9, the Clerk of this Court notified Appellant, through appointed counsel, that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal.  *See* TEX R. APP. P. 26.2(a), 26.3.  We informed Appellant that the appeal would be dismissed unless the information was amended on or before September 3 to show this Court's jurisdiction.  Appellant did not file an amended notice of appeal or other response to this Court's notice.

"[A]ppeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute."  **State ex rel. Lykos v. Fine**, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011).  This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[3]  *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Because Appellant's notice of appeal was not timely filed, we **dismiss** Appellant's appeal for **want of jurisdiction**.  *See* **Olivo**, 918 S.W.2d at 522*; see also* TEX. R. APP. P. 43.2(f).

Opinion delivered September 18, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

---

[2] The case information sheet from the Smith County District Clerk reflects that Appellant did not file a motion for new trial.

[3] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See* **Ater v. Eighth Court of Appeals**, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* **Kossie v. State**, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 18, 2024**

**NO. 12-24-00250-CR**

**RICKY GENE NIX,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1669-23)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*